UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Barbara Lynnae Puro,

        Defendant.

Criminal No. 11-cr-288 (JNE/JJK)
Civil No. 13-cv-1156
ORDER

---

    Defendant Barbara Puro filed a pro se motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. ECF No. 79. The Government responded to the motion, ECF No. 88, and moved for an evidentiary hearing, ECF No. 89. The Court denied the Government's motion for a hearing, appointed the Federal Defender to represent Ms. Puro, and directed her counsel to file a memorandum with the Court within six weeks addressing the grounds upon which a hearing would be required. ECF No. 90.

    Counsel for Ms. Puro has subsequently informed the Court that communicating with Ms. Puro has been delayed due to the circumstances of her incarceration. In light of that difficulty, counsel requests an additional thirty days in which to submit the memorandum. With good cause having been shown, the Court will grant Ms. Puro's counsel this additional time.

    Counsel also requests that the Court clarify the issues that the memorandum should address. Ms. Puro's pro se motion challenges her sentence on a number of grounds. In the circumstances of this collateral proceeding, Ms. Puro's direct challenges to the Court's restitution order, its calculation of the Sentencing Guidelines range, and its consideration of other sentencing factors are not cognizable. *See U.S. v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003)

(holding that "a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255 . . ."); *Anderson v. U.S.*, 25 F.3d 704, 706 (8th Cir. 1994) ("A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not.") (internal citation omitted).

However, the Court understands Ms. Puro's pro se motion to also contain allegations of ineffective assistance of counsel that are properly brought here. *U.S. v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000). In particular, Ms. Puro alleges in her motion that she did not directly appeal her sentence because "my attorney did not advise me of rights to appeal when I contacted him, he said I was not represented by him for any appeal process." ECF No. 79 at 4. This is the issue counsel should address in the memorandum. *See, e.g., Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (counsel's failure to advise client of advantages and disadvantages of appealing and to make reasonable efforts to discern client's wishes regarding an appeal may in some circumstances constitute ineffective assistance); *Yodprasit v. U.S.*, 294 F.3d 966, 969 (8th Cir. 2002) (counsel's failure to follow client's instructions to file an appeal constitutes per se ineffective assistance).

\*   \*   \*

Therefore, counsel for Ms. Puro is ordered to file a memorandum addressing the issue described above and to contact the Calendar Clerk to schedule an evidentiary hearing on Ms. Puro's § 2255 motion within 30 days of the issuance of this order.

Date: December 13, 2013        s/Joan N. Ericksen
                               The Honorable Joan N. Ericksen
                               United States District Court Judge